IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Michael L. Lobato,

      Plaintiff,

                                                           Case No. 09-cv-1203 BB/RLP

v.

State of New Mexico Environment Department,
Environmental Health Division, *et al.*,

      Defendants.

**MEMORANDUM OPINION**

On December 28, 2009, Mr. Michael Lobato, a former employee of the New Mexico Environment Department, Environmental Health Division (the Health Division), filed suit against the Division, his supervisors, and several co-workers. He has alleged discriminatory and retaliatory treatment in violation of, *inter alia*, the New Mexico Human Rights Act. On November 5, 2010, Defendants collectively moved to dismiss the claim under the Human Rights Act, arguing that Plaintiff had not exhausted his administrative remedies. This Court issued an opinion on March 21, 2011, denying this motion in part, and holding in abeyance in part. It issued a Certification Order to the New Mexico Supreme Court, asking the Court to address whether the form attached to Defendant's Motion to Dismiss, and presented by Defendants as the relevant form for exhaustion, gave Plaintiff an adequate opportunity to exhaust his administrative remedies. On April 6, 2011, Defendants filed a motion to reconsider the Court's decision under the New Mexico Human Rights Act regarding exhaustion of administrative remedies. On April 12, 2011, the New Mexico Supreme Court accepted the certification request.

For the reasons explained below, the Court holds that none of the grounds for granting a motion to reconsider are present here. In the words of Judge William Johnson, "I see no reason to

reconsider what I thoughtfully considered the first time around." *Clark v. Las Cruces Pub. Sch. Dist.*, No. 10-cv-307, slip op. at 9 (D.N.M. Sept. 22, 2010). Consequently, Defendants' motion to reconsider is DENIED.

## Factual and Procedural Background

Mr. Lobato alleges that in December of 2007, he was hired as an Inspector for the Health Division in Farmington. A few months later, in March of 2008, Mr. Lobato allegedly observed that a work supervisor had been accepting bribes. Mr. Lobato allegedly reported this misconduct to the Human Resources Director, Defendant Judy Bentley. After Mr. Lobato made this report, other employees began threatening Mr. Lobato and making derogatory remarks about his hispanic heritage. Mr. Lobato then allegedly reported the verbal abuse to Ms. Bentley. On July 4, 2008, Mr. Lobato allegedly filed reports with the Equal Employment Opportunity Commission (EEOC) alleging that the program manager and district manager were discriminating against him by referring to him as a "F___ing Mexican[]" and threatening that the "Mexicans at the Farmington Office need to be fired." (Doc. 20, Defs. Ex. A.) On December 17, 2008, Defendant Carlos Romero fired Mr. Lobato. (*Id.*) Mr. Lobato alleges that Defendant Bentley, the Human Resources Director, had substantial input into the decision to fire Mr. Lobato and that the termination was grounded in discriminatory motives. Subsequently, on December 27, 2008, Mr. Lobato filed another claim with the EEOC alleging that he was illegally fired. The following year, on December 28, 2009, Mr. Lobato filed the lawsuit against Defendants now before this Court for, *inter alia*, violations of the New Mexico Human Rights Act.

## Discussion

Appropriate grounds for reconsideration of a prior opinion are: (1) a change in the controlling law that occurred after the court issued its opinion, (2) new evidence unavailable before

the court issued its opinion, and (3) the need to correct clear error or prevent manifest injustice. " *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). As the Tenth Circuit has explained, "a motion for reconsideration . . . [is an] inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Id.* "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *TBG, Inc. v. Bendis*, 845 F. Supp. 1459, 1460 (D. Kan. 1994) (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)). Rather, "[a]bsent extraordinary circumstances, . . . the basis for [a motion to reconsider] must not have been available at the time the first motion was filed." *Servants of the Paraclete*, 204 F.3d at 1012. Defendants do not appear to appreciate the nature of this motion. Rather, they treat it as a casual opportunity to change their positions and rehash already decided issues based simply on their disagreement with the Court's conclusion in its opinion. Their efforts are unavailing.

Defendants first argue that the Court misapprehended the facts by somehow erroneously implying in its Certification Order that Plaintiff filed the New Mexico Charge of Discrimination form with the New Mexico Human Rights Bureau, when in fact it filed this form with the EEOC. (Doc. 45, at 4-5.) However, the Certification Order provides no basis for such confusion. Rather, the Order clearly states that "Mr. Lobato filed reports with the Equal Employment Opportunity Commission (EEOC) alleging invidious discrimination." (Doc. 43, at 2.) The Court did not misapprehend this fact at all. Rather, it made clear in both its opinion and the Certification Order that Plaintiff filed its charge of discrimination with the EEOC, which Defendants concede is factually accurate. Thus, the state supreme court should have no problem in understanding the facts:

3

that Plaintiff used the state Department of Labor charge of discrimination form and filed it with the EEOC. Consequently, Defendants' first argument is meritless.

Defendant next argues that "the Certification Order should be withdrawn since the questions presented . . . do not correctly reflect [the] forms [which] were utilized in the underlying administrative proceeding." (Doc. 45, at 5.) In Defendants' November 5 motion to dismiss the New Mexico Human Rights Act claims, Defendants argued that Plaintiff had failed to exhaust his administrative remedies with respect to the individual Defendants.  (Doc. 20, at 4.) To support this argument, they presented three New Mexico Department of Labor Charge of Discrimination forms that had been filled out by Plaintiff . (*Id.*, Exs. A, B, C.) They implicitly represented to the Court that these forms were the ones that Plaintiff had submitted to the EEOC and were the relevant forms for determining exhaustion. (*Id.* at 3-4.) Consequently, the Court relied on these forms in issuing its opinion. Now, Defendants suggest that these same forms are irrelevant, and instead, that the relevant form is an EEOC intake form which they attach to their motion to reconsider, but never attached to their November 5 motion to dismiss. (Doc. 45, at 5, and Ex. 1.) The Court's reliance on the New Mexico Department of Labor forms in its opinion was based entirely on Defendants' own representations in their motion to dismiss that these were the relevant forms. Basically, Defendants in this motion have decided to change their factual position without justification.

Defendants nowhere suggest that the EEOC intake form that they now attach was unavailable to them before the Court issued its March 21 opinion. Consequently, this argument does not rely on previously unavailable evidence. Rather, apparently displeased with the Court's opinion based on Defendants' initial factual representations, Defendants now change their position, marshaling new facts that they could have previously raised.  Such a maneuver does not warrant reconsideration of a prior opinion."A party's failure to present its strongest case in the first instance does not entitle it

4

to a second chance in the form of a motion to reconsider." *TBG, Inc. v. Bendis*, 845 F. Supp. 1459, 1460 (D. Kan. 1994) (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)). As this basis for reconsideration was presumably available when Defendants filed their motion to dismiss, it is not a proper basis for a motion to reconsider.

Further, Defendants now argue for the first time that Plaintiff never invoked the New Mexico Human Rights Act at all in the administrative process. (Doc. 45, at 5-6); (Doc. 54, at 2.) They made no such argument in their motion to dismiss. Rather, in that motion, Defendants assumed that Plaintiff had properly raised the Act at the administrative level as they conceded that the New Mexico Human Rights claim against the entity Defendant was proper. (*See* Doc. 20, at 4.) Their argument to the contrary now involves no intervening controlling law. Further, Defendants have nowhere argued that this argument was unavailable to them before the Court issued its March 21 opinion, and there is no independent reason to think that Defendants' sudden shift in position is based on previously unavailable facts. As the Tenth Circuit has explained, "a motion for reconsideration . . . [is an] inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments . . . which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). That is precisely what Defendants do here. Consequently, this argument also fails to justify reconsideration of the Court's opinion and Certification Order.

Finally, Defendants urge that Defendants Bentley and Lundstrom were not properly named on the charge of discrimination form. (Doc. 45, at 6-8.) The Court held in its opinion that these two defendants indeed were properly named on those form. (Doc. 42, at 6-7.) Defendants raise neither intervening controlling law nor new facts to support their position. Thus, they appear to simply disagree with the Court's interpretation of existing law in its opinion, and consequently urge

5

reconsideration. However, a motion to reconsider is not an invitation to rehash legal issues already presented and decided, when there is no new law or evidence to undermine the initial decision. As the Tenth Circuit has explained, "[a]bsent extraordinary circumstances, . . . the basis for [a motion to reconsider] must not have been available at the time the first motion was filed." *Servants of the Paraclete*, 204 F.3d at 1012. Since Defendants do not rely on any new law or facts, there is no basis for reconsidering what the Court already thoughtfully considered. The Court will consider costs and sanctions if it is subsequently determined that Defendants' motion was frivolous and filed for purposes of delay.

Dated: June 14, 2011

                                                  **BRUCE D. BLACK**
                                                  **UNITED STATES DISTRICT JUDGE**